**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**


*In re* **L.P.**

**No. 24-117** (Wirt County CC-53-2023-JA-3)


**MEMORANDUM DECISION**


Petitioner Father T.P.[1] appeals the Circuit Court of Wirt County's January 30, 2024, order terminating his parental rights to L.P.,[2] arguing that the evidence did not support a finding that there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected in the near future. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In February 2023, the DHS filed a petition alleging that the petitioner failed to protect the child from the mother's drug use during pregnancy, which resulted in the child being born drug-affected with subsequent medical complications. The record revealed that the petitioner was briefly incarcerated at the time of the child's birth, but that he and the mother abused illicit substances, including methamphetamine, together during her pregnancy. The petitioner waived his right to a preliminary hearing in March 2023, and the circuit court permitted visitation with the child upon producing two negative drug screens.

An adjudicatory hearing was held in June 2023, at which time the circuit court heard testimony from the petitioner and the mother. The mother admitted using illicit substances during her pregnancy. She denied that the petitioner knew of her drug use while she was pregnant because

---

[1] The petitioner appears by counsel Lauren A. Estep. The West Virginia Department of Human Services appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Wyclif Farquharson. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Counsel Jessica E. Myers appears as the child's guardian ad litem ("guardian").

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

of his incarceration but testified that the petitioner was incarcerated about three months into her pregnancy and that the two resided together and often used illicit substances together prior to his incarceration. The petitioner likewise admitted that he and the mother used illicit substances together; however, he did not believe he needed substance abuse treatment. The court, therefore, found clear and convincing evidence that the petitioner had a substance abuse problem that impaired his ability to care for the child and provide for the child's needs. The court further found clear and convincing evidence of the petitioner's failure to protect the child considering the parents' testimony that they abused substances together during her pregnancy, despite the petitioner's brief incarceration during the mother's pregnancy.

The circuit court then granted the petitioner an improvement period, with no objections by the DHS or guardian. However, the DHS later moved to terminate the petitioner's improvement period, given his noncompliance with improvement period terms and his recent drug screens that returned positive for methamphetamine, amphetamine, and marijuana. The DHS reported the petitioner's statement to a provider that he did not believe he needed substance abuse treatment because "he could stop at any point." The court terminated the petitioner's improvement period at a hearing held in October 2023, noting that there were "no signs that [the petitioner is] willing to give up methamphetamine and marijuana. In fact, [his] statements are that [he does not] have a problem and [he] can quit anytime."

The circuit court then proceeded to disposition in December 2023, at which time the DHS and guardian supported termination of the petitioner's parental rights. The court took judicial notice of the entire case file, and the DHS's reports were admitted into evidence with no objections. The DHS's evidence outlined services offered to the petitioner, including drug screening, individualized parenting and adult life skills classes, substance abuse treatment, and therapy. In contrast, the petitioner testified and admitted that he had not participated in any services, claiming that none had been offered, but averred that he was waiting on a bed to come available at an inpatient substance abuse treatment facility. He further admitted testing positive for methamphetamine and marijuana and that he and the mother had used illicit substances "about a week—week and a half" prior to the hearing. When asked if he had participated in visits with the child, the petitioner responded that the DHS workers "won't let me . . . because they feel I got to piss in a cup clean." When asked if he believed substance abuse inhibited his ability to parent, the petitioner responded, "no." Based on the foregoing, the court terminated the petitioner's parental rights, to which the petitioner retorted, "Wait . . . . Why [are] my rights getting taken because I can't piss clean in a cup? What right does that give anybody?" The court noted the petitioner's hostility and found that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future and that it would be contrary to the welfare of the child to be placed in the petitioner's custody. It is from this dispositional order that the petitioner appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner asserts one assignment of error, arguing that the circuit court erred in terminating his parental rights when

---

[3] The mother's parental rights were terminated, and the permanency plan for the child is adoption by foster placement.

there was not clear and convincing evidence that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future.

Pursuant to West Virginia Code § 49-4-604(c)(6), a circuit court may terminate a parent's parental rights "upon finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child." Such findings must be supported by clear and convincing evidence. *See In re K.S.*, 246 W. Va. 517, 525, 847 S.E.2d 319, 327 (2022) (citing *State v. C.N.S.*, 173 W. Va. 651, 319 S.E.2d 775 (1984)). Although the petitioner contends that the evidence demonstrated his attempts to correct the conditions of abuse and neglect, our review of the record reveals the opposite. Not only did the petitioner admit that he did not participate in offered services, but he also admitted to his persistent substance abuse. In fact, the petitioner admitted using illicit substances with the mother only one week prior to the dispositional hearing. Although the petitioner insists that he expressed an intent to attend inpatient substance abuse treatment, the circuit court clearly weighed the evidence presented, and we refuse to disturb its findings on appeal. *See State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995) ("An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact."). Furthermore, because of the petitioner's ongoing substance abuse, he was unable to participate in visits with the child. In this regard, we have repeatedly stated that "the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *See In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted); *see also In re S.C.*, 248 W. Va. 628, 635, 889 S.E.2d 710, 717 (2023) (concluding that a parent's choice of drugs over visitation with the children was an acceptable basis for termination). Moreover, the petitioner never acknowledged his substance abuse as an issue in need of correcting as evidenced by his own testimony at disposition. *See In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) ("In order to remedy the abuse and/or neglect problem, the problem must first be acknowledged."). Therefore, we can discern no error in the court's finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. The court further found that termination was necessary for the child's welfare, and we see no error in its ultimate decision to terminate the petitioner's parental rights. *See* W. Va. Code § 49-4-604(c)(6) (permitting termination upon such findings).

Accordingly, we find no error in the decision of the circuit court, and its January 30, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: January 29, 2025

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV